UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAHOE REGIONAL PLANNING AGENCY,<br><br>Plaintiff,<br><br>v.<br><br>MOUNTAIN ADDICTION LLC and JUSTIN SHEAF,<br><br>Defendants. | No. 2:20-cv-00945-TLN-KJN<br><br>**ORDER** |

This matter is before the Court on Plaintiff Tahoe Regional Planning Agency's ("Plaintiff") Motion to Strike or Dismiss the crossclaim filed by Defendants Mountain Addiction LLC and Justin Sheaf (collectively, "Defendants") against third-party Defendant California Tahoe Conservancy ("CTC"). (ECF No. 10.) Defendants opposed the motion. (ECF No. 13.) Plaintiff replied. (ECF No. 14.)

Also before the Court is CTC's motion to dismiss. (ECF No. 17.) Defendants filed an opposition. (ECF No. 22.) CTC filed a reply. (ECF No. 23.)

For reasons set forth below, the Court GRANTS Plaintiff's motion (ECF No. 10) and DENIES CTC's motion (ECF No. 17) as moot.

///

///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges Defendants own property adjacent to over 500 acres of land owned by the State of California and managed by CTC ("CTC property") in the Tahoe Region. (ECF No. 1 at 5.) Plaintiff further alleges Defendants access federal public lands for winter activities, such as snowmobiling, by crossing CTC property. (*Id.*) Plaintiff alleges it received information from CTC in January 2020 that CTC property had been damaged behind Defendants' property. (*Id.*) Plaintiff inspected CTC property and found that at least 35 live trees had been cut, creating a snow trail from Defendants' property. (*Id.*) Of the trees felled, five trees had a diameter-at-breast height ("dbh") greater than 14. (*Id.* at 5–6.)

On May 8, 2020, Plaintiff filed a complaint against Defendants, seeking civil penalties for multiple violations of the Tahoe Regional Planning Agency Compact and Code ("TRPA Code") based on the tree cutting. (*See generally id.*) The TRPA Code specifies that removal of live trees having a dbh of greater than 14 requires a TRPA permit. (*Id.* at 4.) Plaintiff alleges Defendants cut down trees without a required permit to facilitate their access to public lands for snow cat and snowmobile use. (*Id*. at 6–7.)

On September 17, 2020, Defendants filed an answer and also brought a crossclaim against CTC, a third party to the action. (ECF No. 8.) Plaintiff filed the instant motion to strike or dismiss the crossclaim on October 8, 2020. (ECF No. 10.) Defendants filed an amended crossclaim (ECF No. 12) and opposition to Plaintiff's motion (ECF No. 13) on October 29, 2020. In their amended crossclaim, which is substantially similar to the original crossclaim, Defendants allege CTC notified Plaintiff of the tree cutting in order to deprive Defendants of the use of CTC property. (ECF No. 12 at 5.) Defendants also claim CTC constructed a fence between Defendants' property and CTC property to prevent Defendants' access, while CTC did not construct a similar fence between CTC property and the ten other neighboring properties. (*Id.*) Defendants request a judicial declaration that, as members of the general public, they have the right to utilize CTC property for summer and winter recreational activities. (*Id.* at 7.) Plaintiff filed a reply on November 4, 2020. (ECF No. 14.)

///

## II.  STANDARD OF LAW

Under Federal Rule of Civil Procedure ("Rule") 14, "a defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). The decision whether to implead a third-party defendant is addressed to the sound discretion of the trial court. *Southwest Adm'rs., Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986). "The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff." *Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 200 (9th Cir. 1988). It is not sufficient that a third-party claim is related or arises out of the same set of facts. *U.S. v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983), *cert. denied*, 464 U.S. 1071 (1984).

## III.  ANALYSIS

Plaintiff moves to strike Defendants' crossclaim against CTC under Rule 14 because the crossclaim does not allege CTC is liable for Defendants' alleged tree-cutting violations.[1] (ECF No. 10 at 3–4.) In opposition, Defendants vaguely argue CTC's liability depends on whether Defendants are found to have cut down the trees. (ECF No. 13 at 4.)

"[A] third-party claim may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim and the third party's liability is secondary or derivative." *One 1977 Mercedes Benz*, 708 F.2d at 452; *see also Stewart*, 845 F.2d at 199–200. In the instant action, Plaintiff is suing Defendants for cutting down trees without a required permit in violation of the TRPA Code. (ECF No. 1 at 7–8.) In contrast, Defendants' crossclaim seeks a judicial declaration of their right as members of the general public to use CTC property for recreational activities such as snowmobiling. (ECF No. 12 at 7.) Defendants have not shown their right to access CTC property is at all relevant to Plaintiff's enforcement claim about cutting trees. Defendants do not allege that they — or any other member of the general public — had a

---

[1]  Plaintiff also moves to dismiss under Rule 12(b)(1) and Rule 12(b)(6). (ECF No. 10 at 9–12.) Because the Court strikes the crossclaim under Rule 14(a)(4), the Court need not and does not address Plaintiff's remaining arguments.

3

right to cut down trees on CTC property without a permit.  In any event, Defendants fail to explain how CTC is liable for Plaintiff's claim.  Defendants seek declaratory relief about accessing CTC property for recreational use, not any payment or indemnification of civil penalties for the alleged tree cutting.  Because Defendants have not shown CTC "is or may be liable to [them] for all or part of the claim against [them]," Defendants' crossclaim against CTC is improper and will be stricken.  *See* Fed. R. Civ. P. 14(a).

**IV. CONCLUSION**

Based on the foregoing, the Court GRANTS Plaintiff's Motion to Strike (ECF No. 10), STRIKES Defendants' crossclaim against CTC, and DISMISSES CTC from the action.  Further, the Court DENIES CTC's Motion to Dismiss (ECF No. 17) as moot.

IT IS SO ORDERED.

DATED: July 12, 2021

Troy L. Nunley
United States District Judge